E. V. PURNELL ET AL. *v.* MATTIE E. FRANK.

ATTACHMENT FOR RENT. *Death of tenant. Void proceedings. Avowry.*
> An attachment for rent sued out against a tenant who is dead is void.
> When one claims property seized, an avowry of the landlord is bad
> which seeks to justify the taking and detention under an attachment
> so sued out.

FROM the circuit court of Tallahatchie county.

HON. R. W. WILLIAMSON, Judge.

On the 15th day of November, 1890, the appellee, Mattie E.
Frank, through her agent, sued out, before a justice of the peace or
Tallahatchie county, an attachment for rent against "·Hill Guy and
his heirs." In the affidavit for attachment it was stated that "Hill
Guy and his heirs" were indebted to appellee, Mattie E. Frank, in
the sum of $600, for rent in arrear for certain land situated in said
county, occupied by said Hill Guy during the year 1890, by virtue
of a lease from appellee. Bond was given, and the attachment for
rent was levied upon a certain lot of personal property, including
"one crop of cotton on plantation, estimated at 15 bales." Appel-
lant, F. V. Purnell, made affidavit claiming the cotton so levied
upon and gave bond, and the cotton was delivered to her. She
filed her declaration in replevin in the circuit court.

The defendant, Mattie E. Frank, appeared, and in her avowry
pleaded that the cotton attached for rent "was the property of her
tenant, Hill Guy, deceased, at the time the attachment for rent
was sued out, and being liable for rent due defendant, was law-
fully levied upon." Plaintiff moved to strike out this plea. No
demurrer seems to have been filed, but, in response to this motion,
the court entered an order that plaintiff's demurrer to said plea
be overruled. Thereupon a trial was had, resulting in a verdict
and judgment in favor of Mattie E. Frank against the plaintiff
and her sureties for the return of the cotton and costs. The
record contains no bill of exceptions, and hence none of the testi-
mony is set out. It does not appear whether the cotton levied
on under the attachment for rent was raised on the leased prem-
ises or not.

From this judgment plaintiff and her sureties appealed.

*S. R. Coleman,* for appellant.

The record shows that the tenant was dead at the time of the suing out of the attachment for rent. Therefore, the proceedings were void, and constituted no ground for seizing the cotton. In an attachment for rent, the statute must be strictly complied with. *Dudley* v. *Harvey,* 59 Miss. 34.

*Calhoon & Green,* for appellee.

1. The record does not show that Hill Guy, the tenant, was dead at the time the attachment was sued out. It is true the original affidavit is made against "Hill Guy and his heirs," but this in lax proceedings before a justice of the peace could not be taken as an averment of the fact that the tenant was dead at the time of suing out the writ. Besides, there was no question made as to this, except by the premature motion.

2. But if the tenant was dead at the time of suing out the writ, does that fact avail a claimant? The lien for rent attaches at the time of making the contract, and the attachment is merely a remedy to enforce this lien. It is called an attachment, but it is really a special proceeding, returnable to no court, and never gets into court unless some controversy arises, there being an independent remedy for the tenant's protection by § 1311, code 1880. By § 1310 it is expressly provided that if the rent is justly due, no irregularity afterwards occurring shall make the distress unlawful. Even if the attachment was void, the lien still exists, and it is available to the defendant in replevin to defeat the naked claim of an outsider.

To maintain her suit it is necessary for the claimant to show that the property was not liable for the rent; if it was liable, under no circumstances would replevin lie. Code 1880, § 1317.

The rent being due, the claimant herself had no standing in court, and could not avail of any irregularity in the mere proceeding given by law for enforcing the landlord's lien.

CAMPBELL, C. J., delivered the opinion of the court.

The record before us very poorly presents the case, but enough appears to show that the attachment for rent was sued out against a dead man, and when one appeared and claimed a portion of the

goods seized, the landlord sought to justify the taking and deten-
tion of the goods by virtue of this attachment, which was plainly
void. The avowry is bad, and should have been so held.

*Reversed and remanded.*